UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and JON SUSTARICH, Revenue Officer | No. 11-cv-1793-JSW |
| Plaintiffs, | [proposed] ORDER |
| v. | |
| MARK OTTOVICH, | |
| Respondent. | |

This matter is before the court on an order to show cause why respondent Mark Ottovich should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons.  Having considered the moving papers and all other evidence of record, this court finds that the petition shall be GRANTED.

## I.  BACKGROUND

According to the petition, the IRS is conducting an investigation to ascertain and collect the tax liability of the Estate of Jeanette Ottovich Estate for the period ending November 20, 2001.  (Pet. ¶¶ 3-4).  Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 6).  As part of its

1  investigation, petitioners served a summons on respondent; and, the record before the

2  court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1]  On

3  September 21, 2010, petitioner Sustarich served a summons on Respondent by leaving a

4  copy of the summons at his last and usual place of abode.  (See id. ¶ 7 and Ex. A).

5  Respondent did not appear on October 5, 2010, as requested.  (Pet. ¶ 9).

6     On April 13, 2011, petitioners filed the instant verified petition to enforce the

7  summons.  On May 27, 2011, this court issued an order to show cause setting a hearing

8  that was continued to September 2, 2011.  The parties appeared at the hearing and the

9  Court GRANTED the petition.

## II.  DISCUSSION

11    Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to

12  the investigation of any taxpayer's liability.  Summons may be issued for the purposes of

13  "ascertaining the correctness of any return, making a return where none has been made,

14  determining the liability of any person for any internal revenue tax or . . . collecting any

15  such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141,

16  1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); United States v. Reed, 105

17  A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009).  To enforce a summons, the IRS must establish a

18  prima facie case for enforcement by showing that the summons (1) is issued for a

19  legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information

20  that is not already in the IRS's possession; and (4) satisfies all of the administrative steps

21  set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S. 48 57-58

22  (1964).  "The government's burden is a slight one, and may be satisfied by a declaration

23  from the investigating agent that the Powell requirements have been met."  Crystal, 172

24  F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

26  [1]Title 26 United States Code, Section 7603 provides that service of summons shall be
27  made "by an attested copy delivered in hand to the person to whom it is directed, or left at his
   last and usual place of abode."  26 U.S.C. § 7603(a).  Further, "the certificate of service signed
28  by the person serving the summons shall be evidence of the facts it states on the hearing of an
   application for the enforcement of the summons."  Id.

*ORDER*
*Case No.  11-cv-1793-JSW*                    2

"The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution is an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. Id. at 668.

In the instant case, petitioners have met their initial burden of showing that the Powell elements have been satisfied, largely through the verification of the petition by Revenue Officer Sustarich. See Crystal, 172 F.3d at 1144 (finding that the special agent's

1   declaration satisfied the <u>Powell</u> requirements and that the government therefore

2   "established a prima facie case to enforce the summonses"); <u>Dynavac, Inc.</u>, 6 F.3d at1414

3   (stating that the government's burden "may be satisfied by a declaration from the

4   investigating agent that the Powell requirements have been met."); <u>United States v. Bell</u>,

5   57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite

6   *prima facie* showing by affidavit of the agent."); <u>United States v. Panzo</u>, 105 A.F.T.R.2d

7   2010-1648 (N.D. Cal. 2010) (same).

8       Here, the verified petition indicates that the IRS's investigation is being conducted

9   for a legitimate purpose of "ascertain[ing] the tax liability of the Jeanette Ottovich Estate

10  for purposes of preparing a Collection Information Statement."  (<u>See</u> Pet. ¶¶ 3-4).  The

11  summons is relevant to that purpose.  The summons asks Respondent to appear and bring with

12  him documents pertaining to assets and expenses of the Estate of  Jeanette Ottovich (e.g., real

13  estate records, stock and bonds, accounting records, life insurance policies, annuities

14  statements, mortgages, notes, and other records of income and expenses). (<u>See</u> <u>id</u>. Ex. A).

15  The petition further indicates that the information is not already in the IRS's possession,

16  that there has been no referral for criminal prosecution of this matter, and that all

17  administrative steps required by the Internal Revenue Code for the issuance of the

18  summons have been taken. (<u>See</u> Pet. ¶¶ 6, 11, 12, 13 and Exs. A and B).

19      Respondent has not met his burden of showing an abuse of process or lack of good

20  faith on the part of the IRS, and this court GRANTS the verified petition to enforce the

21  IRS summons.

22      Respondent is ORDERED to provide the records and testimony requested in the

23  attached IRS summons by September 30, 2011;

24

25      IT IS SO ORDERED.

26  Dated: September 2 , 2011

27  JEFFREY S. WHITE
    U.S. DISTRICT JUDGE

28

*ORDER*
*Case No.  11-cv-1793-JSW*                    4